**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 3 1 2026

MITCHELL R. ELFERS
CLERK

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

---

OMAR M. ALGHIZAWAT,

        Plaintiff,

v.

DEPARTMENT OF THE AIR FORCE,

        Defendant.

Civil Action No.: **26 cv 972 LF**

---

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

*(Freedom of Information Act, 5 U.S.C. § 552)*

Plaintiff Omar M. AlGhizawat brings this action against the Department of the Air Force to compel the release of records unlawfully withheld in violation of the Freedom of Information Act, 5 U.S.C. § 552. Defendant has failed to make determinations on two timely-filed administrative appeals and one underlying request — each of whose statutory deadlines expired on March 24, 2026, without decision — and has additionally issued final adverse determinations on three FOIA requests

1

without conducting adequate searches, issued a partial denial on a fourth request while improperly withholding 25 pages, and failed to respond to a fifth request seeking critical board proceeding records. Defendant's failures collectively constitute a pattern of unlawful withholding of agency records.

## PARTIES

1. Plaintiff Omar M. AlGhizawat is an individual residing at 1801 Betts St NE, Albuquerque, New Mexico 87112. Plaintiff is a former Staff Sergeant of the United States Air Force who was separated from service on November 30, 2025. Plaintiff proceeds pro se.

2. Defendant Department of the Air Force is a federal executive agency within the meaning of 5 U.S.C. § 552(f)(1). Defendant acts through component offices including the Air Force Installation and Mission Support Center (AFIMSC), the Air Combat Command (ACC), the Air Force Office of Special Investigations (AFOSI), and the Air Force Global Strike Command (AFGSC). Defendant's principal address is 1670 Air Force Pentagon, Washington, DC 20330.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. The Freedom of Information Act vests district courts with jurisdiction "to enjoin the

agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B).

4.    Venue is proper in this district. Plaintiff resides in Albuquerque, New Mexico, within the District of New Mexico. 5 U.S.C. § 552(a)(4)(B) authorizes suit "in the district in which the complainant resides, or has his principal place of business."

## LEGAL FRAMEWORK

5.    FOIA requires federal agencies to respond to requests for records within 20 business days of receipt. 5 U.S.C. § 552(a)(6)(A)(i). Where expedited processing is requested, the agency must decide the expedite request within 10 calendar days. § 552(a)(6)(E)(ii)(I).

6.    When a requester appeals an agency's adverse determination, the agency must issue a decision on the appeal within 20 business days. § 552(a)(6)(A)(ii).

7.    If an agency fails to comply with these time limits, the requester shall be "deemed to have exhausted his administrative remedies with respect to such request." § 552(a)(6)(C)(i). Upon constructive exhaustion, the requester "may seek judicial review." Id.

8. District courts review de novo the agency's withholding and may order production of records improperly withheld. § 552(a)(4)(B). The burden rests with the agency "to sustain its action." Id.

9. An agency must demonstrate that any withheld information falls within a specific FOIA exemption and that the agency conducted an adequate search reasonably calculated to uncover all responsive records. Weisberg v. DOJ, 705 F.2d 1344, 1351 (D.C. Cir. 1983). A mere designation of a request as a "duplicate" of another request does not satisfy the adequate search requirement when the record categories are not coextensive. Id.

10. A requester who substantially prevails is entitled to attorney fees and litigation costs. § 552(a)(4)(E)(i). Pro se litigants are entitled to costs of litigation. See Kay v. Ehrler, 499 U.S. 432 (1991).

## FACTUAL BACKGROUND

11. Plaintiff was separated from the United States Air Force on November 30, 2025, following an Administrative Discharge Board convened July 29 through August 1, 2025. Plaintiff received an Under Other Than Honorable Conditions (UOTHC) characterization. Plaintiff is challenging his discharge through administrative proceedings before the Air Force Board for Correction of Military Records and the Air Force Discharge Review Board, and has submitted complaints to multiple oversight offices.

12. The records at issue concern Plaintiff's own military separation, the legal review and command decision on his formal Article 138 complaint, related investigative and administrative proceedings, and the evidentiary foundation of the board proceedings that resulted in Plaintiff's discharge. These records are directly necessary to Plaintiff's ongoing administrative appeals, which could result in correction of his military records and upgrade of his discharge characterization.

13. Plaintiff has submitted more than fifty FOIA requests to the Department of the Air Force and its component offices since January 2026. Defendant has engaged in a pattern of delayed, incomplete, and procedurally irregular responses across this portfolio, including three requests closed without production and without written determinations, three requests closed on the legally unsupported ground that they duplicated another pending request, and multiple requests for which no determination has been issued within the statutory period.

14. Plaintiff has exhausted — or is deemed to have exhausted — his administrative remedies as to each claim set forth below by reason of the agency's failure to timely respond, issuance of an inadequate or unlawful closure, or issuance of an adverse determination on appeal.

## COUNT I

### CONSTRUCTIVE DENIAL OF APPEAL 2026-00056-A

(Administrative Appeal of Partial Denial in FOIA Request 2026-02517-F)

Violation of 5 U.S.C. § 552(a)(6)(A)(ii) and § 552(a)(6)(C)(i)

15.    Plaintiff incorporates by reference paragraphs 1 through 14.

16.    On January 24, 2026, Plaintiff submitted FOIA Request 2026-02517-F to Defendant via the Air Force Installation and Mission Support Center (AFIMSC) portal. The request was received by Defendant on January 26, 2026.

17.    The request sought all ACC/GCMCA records pertaining to Plaintiff's formal Article 138 complaint, received by the command on November 19, 2025. The request described seven categories of responsive records: (1) documentation of the appeal's receipt and timeline; (2) the GCMCA review process and legal staff analysis; (3) the GCMCA decision on the appeal; (4) coordination with subordinate commands; (5) records related to reprisal awareness and 10 U.S.C. § 1034 compliance; (6) legal advice provided by Lt Col Ryan C. Ditchkofsky, ACC/JA; and (7) standard GCMCA Article 138 procedures documentation. The requested date range was November 19, 2025 through January 23, 2026.

18.    On February 20, 2026, Adele M. Hopkins, GS-14, Chief, Information Access Branch, AFIMSC, issued a partial response on behalf of Defendant. Defendant reviewed 42 pages, released 20 pages in full, released 22 pages with redactions, and withheld additional material under Exemption 5 (Deliberative Process Privilege and Attorney-Client Privilege)

6

and Exemption 6 (Personal Privacy). No records were produced concerning Exhibits A through M referenced in the underlying proceedings.

19. The partial production was inadequate and the withholdings were unsupported. Defendant applied Exemption 6 to redact the names of government personnel acting in their official capacities, which is legally unsupported. Defendant applied Exemption 5 Attorney-Client Privilege without conducting the required Foreseeable Harm analysis mandated by the FOIA Improvement Act of 2016. Pub. L. 114-185. The ACC/JA Legal Review Memorandum of December 18, 2025 — a document directly establishing the legal basis for the command's action — was substantially withheld without a lawful basis for full suppression of its factual content.

20. On February 24, 2026, Plaintiff received the partial production by email.

21. On February 24, 2026, Plaintiff filed administrative appeal 2026-00056-A with Defendant. The appeal raised seven independent grounds: (1) re-review of pages 1 through 8 for improper Exemption 6 application to official-capacity government personnel; (2) re-review of all redacted portions for improper Exemption 5 application without misconduct-exception analysis; (3) production of an adequate ACC-wide search; (4) production of Exhibits A through M, withheld without legal basis; (5) production of the Ditchkofsky-Riviere email of December 22, 2025, 9:12 AM, withheld without citation; (6) production of records supporting Gen Adrian Spain's statement that Plaintiff had no PTSD diagnosis; and

(7) disclosure of Defendant's search methodology for independent adequacy assessment under Weisberg v. DOJ, 705 F.2d 1344 (D.C. Cir. 1983).

22. The 20-business-day statutory deadline for Defendant to issue a determination on Appeal 2026-00056-A expired on March 24, 2026.

23. As of the date of this filing, Defendant has issued no determination on Appeal 2026-00056-A. Defendant has not produced any additional records. Defendant has not cited any lawful basis for withholding. Defendant has made no communication to Plaintiff acknowledging the appeal's deadline or its expiration.

24. On March 24, 2026, the DAF FOIA Public Liaison was notified via OGIS complaint of the expired deadline. On March 25, 2026, the DAF FOIA Public Liaison acknowledged a general backlog but did not address the expired statutory deadline or provide any commitment to respond.

25. By operation of 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with respect to Appeal 2026-00056-A. Plaintiff is entitled to seek judicial review.

26. Defendant's failure to make a timely determination on Appeal 2026-00056-A constitutes an unlawful withholding of agency records in violation of 5 U.S.C. § 552.

## COUNT II

### CONSTRUCTIVE DENIAL OF APPEAL 2026-00043-A

(Administrative Appeal of Expedited Processing Denial in FOIA Request 2026-02514-F)

Violation of 5 U.S.C. § 552(a)(6)(A)(ii), § 552(a)(6)(C)(i), and § 552(a)(6)(E)

27.　Plaintiff incorporates by reference paragraphs 1 through 14.

28.　On January 24, 2026, Plaintiff submitted FOIA Request 2026-02514-F to Defendant through the Air Force Office of Special Investigations Requester Service Center, Quantico, Virginia. The request sought all ACC/GCMCA records pertaining to the GCMCA review and decision by General Adrian L. Spain, ACC/CC, on Plaintiff's Article 138 complaint.

29.　Plaintiff requested expedited processing of Request 2026-02514-F on the grounds that the requested records were urgently needed in connection with ongoing administrative proceedings — specifically, Plaintiff's pending AFBCMR application and AFDRB submission — constituting a showing of urgent need under 5 U.S.C. § 552(a)(6)(E)(v)(II).

30.　Defendant denied the request for expedited processing.

31.　On January 27, 2026, Plaintiff filed administrative appeal 2026-00043-A challenging Defendant's denial of expedited processing in Request 2026-02514-F.

32. The 20-business-day statutory deadline for Defendant to issue a determination on Appeal 2026-00043-A expired on March 24, 2026.

33. As of the date of this filing, Defendant has issued no determination on Appeal 2026-00043-A. Defendant has not produced any records responsive to Request 2026-02514-F. Defendant has made no communication to Plaintiff acknowledging the appeal's deadline or its expiration.

34. AFOSI confirmed on March 17, 2026, via status response, that Request 2026-02514-F remains "In Process." No records have been produced and no final response has been issued. Defendant has not provided a queue position or estimated completion date.

35. Appeal 2026-00043-A is the anchor case governing three companion FOIA requests — 2026-02511-F, 2026-02657-F, and 2026-02717-F — which Defendant's officer Roxanne M. Jensen, GS-13, AFOSI/FSS/MSII, improperly designated as duplicates of 2026-02514-F without conducting independent adequate searches. The record categories — witness communications, AFOSI-ADC communications, and prior-allegation documents — are not duplicated in 2026-02514-F. The duplicate designation was a legally unsupported administrative closure without adequate search, in violation of the standard set out in Weisberg v. DOJ, 705 F.2d at 1351.

10

36. On March 24, 2026, the DAF FOIA Public Liaison was notified via OGIS complaint of the expired deadline. No substantive response was received.

37. By operation of 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with respect to Appeal 2026-00043-A.

38. Defendant's failure to make a timely determination on Appeal 2026-00043-A constitutes an unlawful withholding of agency records and an unlawful denial of expedited processing in violation of 5 U.S.C. § 552.

## COUNT III

### CONSTRUCTIVE DENIAL OF FOIA REQUEST 2026-02514-F

(Failure to Make Timely Determination on Underlying Request)

Violation of 5 U.S.C. § 552(a)(6)(A)(i) and § 552(a)(6)(C)(i)

39. Plaintiff incorporates by reference paragraphs 1 through 38.

40. On January 24, 2026, Plaintiff submitted FOIA Request 2026-02514-F to Defendant through the Air Force Office of Special Investigations Requester Service Center, Quantico, Virginia. The request sought all ACC/GCMCA records related to General Adrian L. Spain's review of and decision on Plaintiff's formal Article 138 complaint.

41. The 20-business-day statutory deadline for Defendant to issue a determination on Request 2026-02514-F expired on or about February 20, 2026. 5 U.S.C. § 552(a)(6)(A)(i).

42. Defendant has not issued a final response to Request 2026-02514-F. Defendant has not produced any records responsive to the request. Defendant has not cited any legal basis for withholding. As of March 17, 2026, Defendant confirmed that the request remains "In Process" with no estimated completion date and no queue position provided.

43. Defendant's failure to issue a timely determination on Request 2026-02514-F is a separate and independent violation from the failure to decide Appeal 2026-00043-A addressed in Count II. Each violation arose at a different point in time and carries independent legal consequences.

44. By operation of 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with respect to Request 2026-02514-F.

45. Defendant's continued failure to produce records or issue a determination on Request 2026-02514-F constitutes an unlawful withholding of agency records in violation of 5 U.S.C. § 552.

## **COUNT IV**

12

**CONSTRUCTIVE DENIAL OF FOIA REQUEST 2026-02971-F**

(Administrative Discharge Board Records — 77-Minute Unrecorded Ex Parte Deliberation

Session, All Board Exhibits, and Complete Record of Board)

Violation of 5 U.S.C. § 552(a)(6)(A)(i) and § 552(a)(6)(C)(i)

46.    Plaintiff incorporates by reference paragraphs 1 through 14.

47.    On or about January 27, 2026, Plaintiff submitted FOIA Request 2026-02971-F to Defendant through the AFIMSC Public Access Link portal. The request sought eight categories of records: (1) any and all audio recordings, video recordings, transcripts, notes, or other records of proceedings in the deliberation room between 1930 and 2047 hours on August 1, 2025, during which Legal Advisor Maj David B. Melear entered the deliberation room with the three voting board members to address a question regarding the Findings and Recommendations Worksheet; (2) records reflecting whether the Court Reporter or Recorder was present during this 77-minute period; (3) Board Exhibit 17 — the Findings and Recommendations Worksheet — with all markings, annotations, and signatures, plus any prior drafts or templates; (4) all Board Exhibits introduced at the board; (5) all Government Exhibits offered and/or admitted; (6) all Defense Exhibits offered and/or admitted; (7) all notes, memoranda, emails, or communications by, to, or from Maj Melear concerning the worksheet discrepancy or preparation of Board Exhibit 17; and (8) the complete unredacted Record of Board including all enclosures, exhibits, and attachments. The requested date range was July 15, 2025 through November 26, 2025.

48. The records sought in Request 2026-02971-F bear directly on the most significant procedural defect in the board proceedings. At approximately 1930 hours on August 1, 2025, board president Maj Stocker identified a discrepancy in the Findings and Recommendations Worksheet — specifically, that the sexual assault allegation section referenced "four allegations" while only three lines were present — and asked whether an allegation was missing. Maj Melear, the Legal Advisor, then recessed the board and entered the deliberation room with the three voting members. No verbatim record was made of the 77-minute session from 1930 to 2047. The Court Reporter was not present. No Recorder was present. The session directly concerned Board Exhibit 17 — the document on which the board recorded its votes — which Maj Melear had personally instructed on the record earlier in the proceedings.

49. The 20-business-day statutory deadline for Defendant to issue a determination on Request 2026-02971-F has expired. 5 U.S.C. § 552(a)(6)(A)(i).

50. As of the date of this filing, Defendant has issued no determination on Request 2026-02971-F. Defendant has produced no records. Defendant has cited no legal basis for withholding. The request remains listed as Assigned for Processing in Defendant's tracking system with no estimated completion date provided.

51. By operation of 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with respect to Request 2026-02971-F.

14

52. Defendant's continued failure to produce records or issue a determination on Request 2026-02971-F constitutes an unlawful withholding of agency records in violation of 5 U.S.C. § 552.

## COUNT V

## ACTUAL DENIAL OF FOIA REQUESTS 2026-02511-F, 2026-02657-F, AND 2026-02717-F

**(Unlawful Duplicate Designation Without Adequate Search — AFOSI Witness and ADC Communications)**

Violation of 5 U.S.C. § 552(a)(3)(A) and § 552(a)(6)(A)(i)

53. Plaintiff incorporates by reference paragraphs 1 through 14.

54. On January 24, 2026, Plaintiff submitted FOIA Request 2026-02511-F to Defendant through the AFOSI Requester Service Center, Quantico, Virginia. The request sought all AFOSI communications with witnesses in Case DET814-C-364522415615110052, including all communications with Civ Werda Mohamed Shekhuna (witness in two interview sessions, July 29 and September 12, 2024), Civ Sarah Lovett (former spouse, subject of interview sessions OSIPHX~1 and OSIPHX~2), and Civ Lillionna Richards; all witness coordination records for the Administrative Discharge Board of July 29 through

August 1, 2025; VWAP coordination records; and all AFOSI-Family Advocacy Program communications regarding Plaintiff.

55. On January 30, 2026, Plaintiff submitted FOIA Request 2026-02657-F to Defendant through the AFOSI Requester Service Center. The request sought all communications between AFOSI personnel and Area Defense Counsel offices regarding Plaintiff, including emails, memoranda, phone logs, meeting notes, interview coordination, witness notifications, evidence disclosures, discovery requests, and case status updates.

56. On February 3, 2026, Plaintiff submitted FOIA Request 2026-02717-F to Defendant through the AFOSI Requester Service Center. The request sought the same categories of AFOSI-ADC communications as Request 2026-02657-F.

57. On February 6, 2026, Roxanne M. Jensen, GS-13, Chief, Information Release Branch, AFOSI/FSS/MSII, issued a single letter closing all three requests — 2026-02511-F, 2026-02657-F, and 2026-02717-F — on the ground that each was a "duplicate" of FOIA Request 2026-02514-F. The letter stated: "This letter constitutes a denial of your FOIA request." Zero pages were produced in response to any of the three requests.

58. The duplicate designation was legally unsupported. Request 2026-02514-F seeks ACC/GCMCA records related to the GCMCA review of Plaintiff's Article 138 complaint. Requests 2026-02511-F, 2026-02657-F, and 2026-02717-F seek AFOSI investigative witness communications, AFOSI-ADC communications, and Family Advocacy records —

record categories that are entirely distinct from ACC/GCMCA Article 138 review records. No overlap exists between the scope of 2026-02514-F and the scope of the three closed requests that would justify withholding responsive records without search.

59. An agency may not deny a FOIA request on the ground that it duplicates another request unless the record categories are substantively coextensive. Weisberg v. DOJ, 705 F.2d at 1351. Defendant conducted no independent adequate search of AFOSI records before closing the three requests. Defendant identified no specific responsive records it was withholding or any exemption applicable to the requested records. The Jensen letter constitutes a categorical closure without adequate search in violation of FOIA's core production obligation.

60. Plaintiff has exhausted his administrative remedies with respect to Requests 2026-02511-F, 2026-02657-F, and 2026-02717-F. The February 6, 2026 Jensen letter constitutes a final adverse determination for each request.

61. Defendant's denial of Requests 2026-02511-F, 2026-02657-F, and 2026-02717-F without adequate search constitutes an unlawful withholding of agency records in violation of 5 U.S.C. § 552.

## COUNT VI

17

**UNLAWFUL PARTIAL DENIAL OF FOIA REQUEST 2026-02518-F**

(ACC/JA Records — 25 Pages Withheld Under Exemptions 5 and 6)

Violation of 5 U.S.C. § 552(a)(3)(A), § 552(b)(5), and § 552(b)(6)

62.    Plaintiff incorporates by reference paragraphs 1 through 14.

63.    On January 24, 2026, Plaintiff submitted FOIA Request 2026-02518-F to Defendant via the AFIMSC portal. The request sought all ACC/JA records regarding Lt Col Ryan C. Ditchkofsky's coordination and legal advice in connection with Plaintiff's Article 138 complaint, including: Ditchkofsky's November 7, 2025 email advising that no legal authority existed for an emergency stay of separation; legal research and analysis underlying that advice; coordination records reflecting a recommendation to delay processing; conflict-of-interest records arising from Ditchkofsky's dual role as both ACC Chief Military Justice and 20 AF/JA; evidence gatekeeping records including a November 3, 2025 email blocking supplemental medical records from the GCMCA record; and reprisal facilitation records.

64.    On February 25, 2026, Dena G. Short, GS-13, AFIMSC, issued a final response on behalf of Defendant. Defendant reviewed 49 pages, released 24 pages in full, and withheld 25 pages in part or in full under Exemption 5 (Deliberative Process Privilege and Attorney-Client Privilege) and Exemption 6 (Personal Privacy).

18

65. The withholdings are legally unsupported. Defendant applied Exemption 6 to redact names of government personnel acting in their official capacities as attorneys and legal advisors — a legally unsupported application of a personal privacy exemption to records documenting the exercise of official government duties. Defendant applied Exemption 5 Deliberative Process Privilege without demonstrating that the withheld communications reflect pre-decisional deliberations rather than post-decisional rationalizations. Defendant applied Exemption 5 Attorney-Client Privilege without addressing whether the privilege was waived by use of the advice to facilitate an adverse personnel action, and without conducting the Foreseeable Harm analysis required by the FOIA Improvement Act of 2016. Pub. L. 114-185.

66. Plaintiff filed administrative appeal 2026-03210-F challenging the partial denial. That appeal is currently designated as Assigned for Processing. Defendant has issued no determination on the appeal within the 20-business-day statutory period.

67. Plaintiff has exhausted his administrative remedies with respect to Request 2026-02518-F by reason of the February 25, 2026 final partial denial and the constructive denial of appeal 2026-03210-F by expiration of the statutory response period.

68. Defendant's withholding of 25 pages in FOIA Request 2026-02518-F under unsupported Exemption 5 and Exemption 6 claims constitutes an unlawful withholding of agency records in violation of 5 U.S.C. § 552.

## COUNT VII

### CONSTRUCTIVE DENIAL OF FOIA REQUEST 2026-02501-F

(377 ABW/JA Legal Records — Complete Legal Infrastructure of Administrative Discharge

Board Proceedings)

Violation of 5 U.S.C. § 552(a)(6)(A)(i) and § 552(a)(6)(C)(i)

69.     Plaintiff incorporates by reference paragraphs 1 through 14.

70.     On January 24, 2026, Plaintiff submitted FOIA Request 2026-02501-F to Defendant via the AFIMSC portal. The request sought eight categories of records: (1) all 377 ABW/JA legal advice to 351 SWTS command from attorneys Maj Lewellen, Capt DeBonis, and Capt Denker; (2) complete Administrative Discharge Board records for the July 29 through August 1, 2025 board, including Special Orders, the legal advisor appointment for Maj David B. Melear (AFOTEC/JA), recorder and assistant recorder case files, all motions and rulings, and the convening authority action; (3) VWAP coordination records maintained by TSgt Nathan Costello, including victim non-participation notifications for Civ Werda M. Shekhuna (December 13, 2024) and Civ Lillionna Richards (January 24, 2025); (4) 377 ABW/JA communications with AFOSI personnel including SA Elijah Sauceda and SA Jarrett-Izzi; (5) communications with Area Defense Counsel Capt Alister G.J. Riviere and Capt Darius Izad; (6) all convening authority coordination records involving Col Justin D.

Secrest; (7) jurisdictional analysis documents addressing AETC versus AFGSC authority over 351 SWTS personnel; and (8) internal 377 ABW/JA case coordination records. The requested date range was June 1, 2024 through December 31, 2025.

71. The 20-business-day statutory deadline for Defendant to issue a determination on Request 2026-02501-F expired on or about February 24, 2026. 5 U.S.C. § 552(a)(6)(A)(i).

72. As of the date of this filing, Defendant has issued no determination on Request 2026-02501-F. Defendant has produced no records. Defendant has cited no legal basis for withholding. The request remains listed as Assigned for Processing in Defendant's tracking system with no estimated completion date provided.

73. By operation of 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with respect to Request 2026-02501-F.

74. Defendant's continued failure to produce records or issue a determination on Request 2026-02501-F constitutes an unlawful withholding of agency records in violation of 5 U.S.C. § 552.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Omar M. AlGhizawat respectfully requests that this Court:

A.  Declare that Defendant's failure to make a timely determination on Appeal 2026-00056-A violates 5 U.S.C. § 552(a)(6)(A)(ii) and § 552(a)(6)(C)(i);

B.  Declare that Defendant's failure to make a timely determination on Appeal 2026-00043-A violates 5 U.S.C. § 552(a)(6)(A)(ii), § 552(a)(6)(C)(i), and § 552(a)(6)(E);

C.  Declare that Defendant's failure to make a timely determination on Request 2026-02514-F violates 5 U.S.C. § 552(a)(6)(A)(i) and § 552(a)(6)(C)(i);

D.  Order Defendant to conduct and certify a lawful, agency-wide search for all records responsive to FOIA Request 2026-02517-F and Appeal 2026-00056-A;

E.  Order Defendant to produce all responsive records in Request 2026-02517-F without exemption, or to produce a detailed Vaughn index, see Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), justifying any withholding with particularity;

F.  Order Defendant to issue an immediate final determination granting expedited processing of Request 2026-02514-F and to process that request forthwith;

G.  Order Defendant to produce all responsive records in Request 2026-02514-F, or to produce a Vaughn index as set forth above;

22

H. Order Defendant to re-open Requests 2026-02511-F, 2026-02657-F, and 2026-02717-F, conduct independent adequate searches for each, and issue lawful written determinations for each;

I. Declare that Defendant's failure to make a timely determination on Request 2026-02971-F violates 5 U.S.C. § 552(a)(6)(A)(i) and § 552(a)(6)(C)(i), and order Defendant to produce all responsive records in Request 2026-02971-F, including all records of the 1930–2047 deliberation room session of August 1, 2025, all Board exhibits, all Government exhibits, all Defense exhibits, and the complete unredacted Record of Board;

J. Declare that Defendant's denial of Requests 2026-02511-F, 2026-02657-F, and 2026-02717-F without adequate search violates 5 U.S.C. § 552(a)(3)(A), and order Defendant to conduct independent adequate searches for each request and produce all responsive records or provide a Vaughn index;

K. Declare that Defendant's withholding of 25 pages in Request 2026-02518-F under Exemptions 5 and 6 violates 5 U.S.C. § 552, and order Defendant to produce all 25 withheld pages or to provide a Vaughn index justifying each withholding with particularity;

L. Declare that Defendant's failure to make a timely determination on Request 2026-02501-F violates 5 U.S.C. § 552(a)(6)(A)(i) and § 552(a)(6)(C)(i), and order Defendant to produce all responsive records in Request 2026-02501-F or to provide a Vaughn index;

M. Award Plaintiff his costs of litigation under 5 U.S.C. § 552(a)(4)(E); and

N. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*OmarAlGhizawat*

Omar M. AlGhizawat, Pro Se

1801 Betts St NE

Albuquerque, NM 87112

(480) 231-0414

OmarGhizawat@live.com

March 25, 2026

---

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2026, I served a copy of the foregoing Complaint by first-class mail, postage prepaid, upon:

United States Attorney for the District of New Mexico

201 Third Street NW, Suite 900

Albuquerque, NM 87102


Attorney General of the United States

U.S. Department of Justice

950 Pennsylvania Avenue NW

Washington, DC 20530


Department of the Air Force

Office of General Counsel

1740 Air Force Pentagon

Washington, DC 20330


*Omar AlGhizawat*

_____

Omar M. AlGhizawat

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Omar M. AlGhizawat

**DEFENDANTS**

Department of the Air Force

**(b)** County of Residence of First Listed Plaintiff   Bernalillo
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   U.S. Government Agenc
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se
Omar M. AlGhizawat

Attorneys *(If Known)*
Unknown at time of filing

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                           *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**          **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane         ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product         Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability         ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &         Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander         Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'         Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability         ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine         Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product         Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability      **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle         ☐ 370 Other Fraud | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle         ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability         ☐ 380 Other Personal | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal         Property Damage | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury         ☐ 385 Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury -         Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**      **PRISONER PETITIONS** | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights      **Habeas Corpus:** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting         ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment         ☐ 510 Motions to Vacate | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/         Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations         ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -         ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment      **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities -         ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other         ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education         ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 552(a)(6)(C)(i)

Brief description of cause:
Constructive denial of two FOIA administrative appeals and one underlying request; failure to make determination within statutory 20-business-day

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
Declaratory and injunc

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
March 25, 2026

SIGNATURE OF ATTORNEY OF RECORD
Omar M. AlGhizawat

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 03/24)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

OMAR M. ALGHIZAWAT, Plaintiff, v. DEPARTMENT OF THE AIR FORCE, Defendant.

Civil Action No.: _____

## FILING PACKET — TABLE OF CONTENTS

Complaint for Declaratory and Injunctive Relief (FOIA, 5 U.S.C. § 552) with Motion for Leave to Proceed In Forma Pauperis

**DOCUMENTS FOR FILING**

| TAB | DOCUMENT TITLE | PAGES |
|-----|----------------|-------|
| 1 | Complaint for Declaratory and Injunctive Relief<br>7 Counts — Freedom of Information Act, 5 U.S.C. § 552 | 25 |
| 2 | Motion for Leave to Proceed In Forma Pauperis<br>28 U.S.C. § 1915(a)(1) | 6 |
| 3 | AO 239 — Application to Proceed in District Court<br>Without Prepaying Fees or Costs (Long Form) | 5 |
| 4 | Motion for Permission to File Electronically<br>D.N.M.LR-Civ. 83.5 / CM/ECF Administrative Procedures Manual § 3(b)(3)(C) | 3 |
| 5 | JS 44 — Civil Cover Sheet | 2 |

**SUMMONS — PENDING CLERK ISSUANCE**

| TAB | DOCUMENT TITLE | SERVICE TARGET |
|-----|----------------|----------------|
| 6 | AO 440 — Summons in a Civil Action | United States Attorney, District of New Mexico<br>201 Third Street NW, Suite 900, Albuquerque, NM 87102 |
| 7 | AO 440 — Summons in a Civil Action | Attorney General of the United States<br>950 Pennsylvania Avenue NW, Washington, DC 20530 |
| 8 | AO 440 — Summons in a Civil Action | Department of the Air Force, c/o Office of General Counsel<br>1740 Air Force Pentagon, Washington, DC 20330 |

*Omar M. AlGhizawat, Pro Se · 1801 Betts St NE, Albuquerque, NM 87112 · (480) 231-0414 · OmarGhizawat@live.com ·*
*March 25, 2026*





**Retail**

87102

**RDC 99**

U.S. POSTAGE PAID
FCM LG ENV
ALBUQUERQUE, NM 87109
MAR 30, 2026

**$8.86**

S2324W500600-2

**From:**

**Omar M. AlGhizawat**

**1801 Betts St NE,**

**Albuquerque, NM 87112**

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 31, 2026

MITCHELL R. ELFERS
CLERK

**To:**

**United States District Court**

**District of New Mexico**

**Attn: Clerk's Office**

**333 Lomas Boulevard NW, Suite 270**

**Albuquerque, NM 87102**

9589 0710 5270 4120 2204 75